IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT E. LAW, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WESTINGHOUSE LICENSING )<br>CORPORATION, et al., )<br>)<br>Defendants. ) | Case No. CIV-11-1412-M |

## ORDER

Before the Court is plaintiff's Motion to Remand, filed December 6, 2011. On December 27, 2011, defendants Martin Marietta Materials, Inc. ("MMM") and Kenneth Piper ("Piper") filed their response, and defendants Westinghouse Licensing Corporation, Westinghouse Electric Company, and Westinghouse Electric Company LLC filed their response. On December 30, 2011, plaintiff filed his reply, and on January 30, 2012, MMM and Piper filed their sur-reply. Based upon the parties' submissions, the Court makes its determination.

On October 28, 2011, plaintiff filed the instant action against defendants in the District Court of Kiowa County, State of Oklahoma, alleging claims for product liability, breach of warranties and premises liability. Plaintiff's allegations arise out of an accident that occurred on or about October 10, 2010, at a surface granite mine (the "Mine") owned and operated by MMM. Piper is employed as a Plant Operator for MMM at the Mine.

On November 29, 2011, MMM and Piper removed this action to this Court, alleging that Piper had been fraudulently joined to defeat diversity jurisdiction. Plaintiff contends that Piper is not fraudulently joined and, therefore, complete diversity of the parties does not exist as Piper is an

individual resident and citizen of Oklahoma.  Plaintiff, thus, moves this Court to remand this action to state court.

Removal statutes are strictly construed and all doubts about the correctness of removal are resolved in favor of remand.  *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).  When a non-diverse party has been joined as a defendant, then in the absence of a federal question, the removing defendant may avoid remand only by demonstrating fraudulent joinder.  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).  The party asserting fraudulent joinder carries a heavy burden in making this showing.  *Batoff*, 977 F.2d at 851; *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000).[1]

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment."  *Batoff*, 977 F.2d at 851 (internal quotations and citations omitted).  If there is even a possibility that a state court would find the complaint states a cause of action against the non-diverse defendant, the federal court must find joinder was proper and remand the case to state court.  *Batoff*, 977 F.2d at 851; *Montano*, 2000 WL 525592, at *1.  In determining fraudulent joinder claims, the court must resolve all disputed questions of fact and any uncertainties as to the current state of controlling substantive law in favor of the non-removing party.  *Batoff*, 977 F.2d at 852; *Montano*, 2000 WL 525592, at *1.

MMM and Piper assert Piper is fraudulently joined because plaintiff has no possibility of recovery against him.  Specifically, MMM and Piper assert that plaintiff cannot recover against Piper under his premises liability claim because as an employee of MMM, Piper is not personally

---

[1]Unpublished case cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

liable for torts committed during the course, and within the scope, of his employment and plaintiff has not alleged that any action taken by Piper occurred outside the course and scope of Piper's employment. Additionally, MMM and Piper assert that plaintiff has failed to state a premises liability claim against Piper because plaintiff has failed to allege that Piper owed any duty of care to plaintiff with respect to the alleged condition of the Mine. Specifically, MMM and Piper contend that plaintiff has failed to allege that Piper, separate and apart from MMM, had the requisite "possession and control" over the Mine or was ever personally responsible for the condition of the Mine.

Plaintiff contends that he has stated a premises liability claim against Piper based upon the Oklahoma Supreme Court's decision in *J. C. Penney Co. v. Barrientez*, 411 P.2d 841 (Okla. 1965). Plaintiff asserts that under *Barrientez*, an employee may be held personally liable to third parties for his negligence even though he does not exceed to scope of his employment. Plaintiff further asserts that because Piper had active charge of the portion of the Mine in which the alleged injurious acts and/or omissions occurred, Piper falls squarely within the population of accountable tortfeasors delineated in *Barrientez*.

Having carefully reviewed the parties' submissions, as well as the case law cited, the Court finds that there is a possibility that an Oklahoma court would find plaintiff's Petition states a cause of action for premises liability against Piper. Specifically, the Court finds that there is a reasonable basis in fact and a colorable ground supporting plaintiff's premises liability claim against Piper. Because this Court must resolve all disputed questions of fact in favor of plaintiff, the Court finds that there is a possibility that plaintiff could establish that Piper was in control or active charge of the particular sphere of activity at issue in this case and, thus, falls within the ambit of *Barrientez*.

Because this Court finds that there is a possibility that plaintiff could establish its premises liability claim against Piper, the Court, therefore, finds that Piper is not fraudulently joined.

Accordingly, for the reasons set forth above, the Court GRANTS plaintiff's Motion to Remand [docket no. 22] and REMANDS this matter to the District Court of Kiowa County, State of Oklahoma.

**IT IS SO ORDERED this 5th day of March, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE